**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| In re: <br><br> **MARRIOTT INTERNATIONAL, INC. DATA BREACH LITIGATION**, | MDL Docket No. _____ |

**MEMORANDUM IN SUPPORT
OF PLAINTIFFS' MOTION FOR TRANSFER OF
ACTIONS TO THE DISTRICT OF MARYLAND GREENBELT
<u>DIVISION AND FOR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407</u>**

{00297244 }

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………..ii

INTRODUCTION ................................................................................................................... 1

SUMMARY OF CASES ......................................................................................................... 2

LEGAL STANDARD.............................................................................................................. 7

ARGUMENT ........................................................................................................................... 7

I.  The Litigation Satisfies The Requirements For
    Consolidation And Transfer Under 28 U.S.C. § 1407. ................................................ 7

    A.  The Litigation Involves Common Questions Of Fact............................................ 7

    B.  The Parties Face Duplicative Discovery Absent Transfer And Consolidation....... 8

    C.  Transfer And Consolidation Will Prevent Inconsistent Pretrial Rulings................ 8

    D.  There Is A Sufficient Number Of
        Actions To Support Transfer And Centralization. ................................................. 9

II. The District Court of Maryland Is The Appropriate Transferee Forum,
    And The District Court Of Massachusetts Is An Appropriate Alternative. ................ 10

CONCLUSION....................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Alodex Corp.*,
  380 F. Supp. 790 (U.S. Jud. Pan. Mult. Lit. 1974) ................................................................... 10

*In re Amoxicillin Patent & Antitrust Litig.*,
  449 F. Supp. 601 (U.S. Jud. Pan. Mult. Lit. 1978) ................................................................... 10

*In re Enron Securities Derivative & ERISA Litig.*,
  196 F. Supp. 2d 1375 (U.S. Jud. Pan. Mult. Lit. 2002) .............................................................. 8

*In re Philadelphia Life Ins. Co. Sales Practices Litig.*,
  149 F. Supp. 2d 937 (U.S. Jud. Pan. Mult. Lit. 2001) ................................................................ 9

*In re Plumbing Fixture Cases*,
  298 F. Supp. 484 (U.S. Jud. Pan. Mult. Lit. 1968) ..................................................................... 7

*In re Wireless Telephone Replacement Protection Programs Litig.*,
  180 F. Supp. 2d 1381 (U.S. Jud. Pan. Mult. Lit. 2002) .............................................................. 9

*Resource Exploration Inc. Sec. Litig.*,
  483 F. Supp. 817 (U.S. Jud. Pan. Mult. Lit. 1980) ..................................................................... 8

**Statutes**

28 U.S.C. § 1407 ............................................................................................................... 1, 7, 11

28 U.S.C. § 1332 ........................................................................................................................ 6

28 U.S.C. § 1441 ........................................................................................................................ 6

28 U.S.C. § 1446 ........................................................................................................................ 6

28 U.S.C. §1453 ......................................................................................................................... 6

**Other Authorities**

Manual for Complex Litigation (Fourth) § 20.131 (2004) ......................................................... 7

## INTRODUCTION

Pursuant to 28 U.S.C. § 1407 and JPML Rule 6.2, Dallas Perkins (the "Movant"), Plaintiff in the case styled *Perkins v. Marriott International, Inc.*, No. 1:18-cv-12477 (D. Mass. Nov. 30, 2018) respectfully moves this Judicial Panel on Multidistrict Litigation for an Order transferring the nine currently-filed cases listed in the Schedule of Actions filed concurrently herewith (collectively, "the Actions"), as well as any tag-along cases subsequently filed involving similar facts or claims, to the United States District Court for the District of Maryland, Greenbelt Division, for coordinated or consolidated proceedings. In the alternative, Movant respectfully requests that all such cases be transferred to the United States District Court for the District of Massachusetts, Boston Division, for coordinated or consolidated proceedings.

nine cases have been filed to date in federal court against Marriott International Inc. and Starwood Hotels & Resorts Worldwide, LLC (hereafter collectively "Marriott") concerning a massive data breach that was first publicly reported on November 30, 2018 (the "Data Breach" or "Breach"), with an eleventh filed in Oregon State Court that is likely to be removed to federal court. All plaintiffs in the Actions allege that despite Marriott's assertions that it is committed to safeguarding guests' personal identifying information ("PII"), Marriott allowed PII for approximately 500 million guests to be exposed in a hack that allowed unauthorized access to its Starwood Hotels reservation database since 2014. Indeed, hackers had actively copied guests' PII from this database.[1] Marriott failed to fulfill its legal duty to protect consumers' PII which was stored in its systems. Marriott's willful, reckless, and negligent disregard for its obligations to safeguard individuals' PII resulted in a massive data breach that occurred as far back as 2014,

---

[1] *See Marriott Announces Starwood Guest Reservation Database Security Incident*, MARRIOTT NEWS CENTER (Nov. 30, 2018), http://news.marriott.com/2018/11/marriott-announces-starwood-guest-reservation-database-security-incident/ (last accessed Nov. 30, 2018).

exposing hundreds of millions of consumers' PII.  All of the Actions allege violations of various state consumer protection statutes and common law principles against Marriott arising from the Data Breach.

Accordingly, Movant seeks the consolidation and transfer of the Actions to the District of Maryland, where Marriott is headquartered, three of the Actions are venued, and substantial acts in furtherance of Marriott's alleged improper conduct occurred.  In the alternative, the District of Massachusetts is an appropriate venue.  All of the class actions filed against Marriott contain common allegations and common questions of fact.  Moreover, because of the widespread nature of Marriott's breach, which exposed data for approximately 500 million guests, tag-along cases will almost inevitably be filed in the future.

## SUMMARY OF CASES

On November 30, 2018, Plaintiff Dallas Perkins filed his complaint against Marriott in the United States District Court for the District of Massachusetts.  The *Perkins* action alleges that Marriott exposed approximately 500 million guests' data to a data breach.  The complaint brings claims under violations of Massachusetts' consumer protection law, the consumer protection laws of all states with materially identical terms to that of Massachusetts, and common law negligence and invasion of privacy.  Plaintiff Perkins seeks certification of the following classes: (i) a proposed class of all people in the United States who provided their PII to Marriott and whose PII was accessed, compromised or stolen from Marriott, (ii) a proposed class of all such individuals residing in Massachusetts, and (iii) a proposed multi-state class of all such individuals residing in states with consumer protection laws of states with materially identical terms to that of Massachusetts.  Plaintiff Perkins is represented by Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Robinson Calcagnie, Inc.

On November 30, 2018, Plaintiffs Harry Bell and Edward Claffy filed a complaint against Marriott in the United States District Court for the District of Maryland, Greenbelt Division.  The *Bell* action alleges that Marriott exposed approximately 500 million guests' data to a data breach.  The complaint brings claims under violations of the consumer protection act of Maryland, common law negligence, negligence per se, and breach of confidence.  Plaintiffs Bell and Claffy seek certification of a proposed nationwide class of all people in the United States who provided their PII to the Marriott and whose PII was accessed, compromised or stolen from Marriott in the data breach.  Plaintiffs Bell and Claffy are represented by Murphy, Falcon & Murphy, P.A. and Morgan & Morgan Complex Litigation Group.

On November 30, 2018, Plaintiffs James Sprowl and Philip S. Friedman filed a complaint against Marriott in the United States District Court for the District of Maryland Southern District.  The *Sprowl* action alleges that Marriott exposed approximately 500 million guests' data to a data breach.  The complaint brings claims under violations of the consumer protection act of Maryland, common law negligence, negligence per se, breach of implied contract, invasion of privacy, declaratory relief, and injunctive relief.  Plaintiffs Sprowl and Friedman seek certification of a proposed multi-state class of all people whose personal information was compromised as a result of the data breach disclosed by Marriott on November 30, 2018.  Plaintiffs Sprowl and Friedman are represented by Whitfield Bryson & Mason LLP, Goldenberg Schneider, LPA, and Levin Sedran & Berman LLP.

On November 30, 2018, Plaintiff Nicholas Walker filed a complaint against Marriott in the United States District Court for the District of Maryland, Greenbelt Division.  The *Walker* action alleges that Marriott exposed approximately 500 million guests' data to a data breach.  The complaint brings claims under violations of the consumer protection act of Maryland,

common law negligence, negligence per se, and breach of confidence.  Plaintiff Walker seeks certification of a proposed multi-state class of all individuals who submitted their PII to Marriott and whose PII was compromised as a result of the data breach.  This complaint also seeks to certify an additional subclass of California residents who submitted their PII to Marriott and were compromised as of the breach.  Plaintiff Walker is represented by Tycko & Zavareei LLP and Stueve Siegel Hanson LLP.

On November 30, 2018, Plaintiffs Mary Ann Sundius-Rose and Nancy Molesworth filed a complaint against Marriott in the United States District Court for the District of Maryland, Southern Division.  The *Sundius-Rose* action alleges that Marriott exposed approximately 500 million guests' data to a data breach.  The complaint brings claims under violations of common law negligence, breach of contract, breach of implied contract, and unjust enrichment.  Plaintiff Sundius-Rose and Molesworth seek certification of a proposed multi-state class of all people who provided their information to Marriott and whose information was compromised.  This complaint also seeks to certify additional subclasses of New York and New Jersey residents who submitted their PII to Marriott and were compromised as of the breach.  Plaintiff Walker is represented by Tydings & Rosenberg LLP, The Sultzer law group, P.C., and Barnow and Associates, P.C.

On November 30, 2018, Plaintiffs Peter Tapling and David Sparks filed a complaint against Marriott in the United States District Court for the District of Maryland, Southern Division.  The *Tapling* action alleges that Marriott exposed approximately 500 million guests' data to a data breach.  The complaint brings claims under violations of the Maryland personal information protection act, Maryland consumer protection act and applicable state consumer protection acts and unfair business practice acts, common breach of implied contract, and

negligence, Plaintiffs Tapling and Sparks seek certification of all people residing in the United States whose PII was disclosed in the data breach. Plaintiff Walker is represented by Cohen Milstein Sellers & Tolld PLLC, Dicello Levitt & Casey LLC, and Hausfeld.

On November 30, 2018, Plaintiff Debra Weinstein filed a complaint against Marriott in the United States District Court for the District of Maryland, Greenbelt Division. The *Weinstein* action alleges that Marriott exposed approximately 500 million guests' data to a data breach. The complaint brings claims under violations of the consumer protection act of Maryland, the Pennsylvania unfair trade practices and consumer protection law, common law negligence, and breach of confidence. Plaintiff Walker seeks certification of a proposed nationwide class of all individuals who submitted their PII to Marriott and whose PII was compromised as a result of the data breach. This complaint also seeks to certify an additional subclass of Pennsylvania residents who submitted their PII to Marriott and were compromised as of the breach. Plaintiff Weinstein is represented by Goldman & Minton, P.C. and Kessler Topaz Meltzer & Check LLP.

On November 30, 2018, Plaintiff Todd Joseph Elliot filed a complaint against Marriott in the United States District Court for the District of Maryland, Greenbelt Division. The *Elliot* action alleges that Marriott exposed approximately 500 million guests' data to a data breach. The complaint brings claims under violations under Maryland's consumer protection law, personal information privacy act, and social security privacy act, and common law negligence, negligence per se, and constructive fraud. Plaintiff Elliot seeks certification of a proposed nationwide class of all individuals who submitted their PII to Marriott and whose PII was compromised as a result of the data breach. Plaintiff Elliot is represented by Ashcraft & Gerel LLP, and Burns Charest LLP.

On December 1, 2018, Plaintiffs Michael J. Fox, Anthony Martin, Monica Ogawa, Norbert Hennrich, and Samuel Mangano filed a complaint against Marriott in the United States District Court for the Northern District of Illinois, Eastern Division.  The *Fox* action alleges that Marriott exposed approximately 500 million guests' data to a data breach.  The complaint brings claims under violations of the Illinois personal information protection act, Illinois consumer fraud and deceptive business practices act, common law tort of intrusion upon seclusion, breach of implied contract, negligence, and right of privacy.  Plaintiffs Fox, Martin, Ogawa, Hennrich, and Mangano seek certification of a proposed multi-state class of people in Illinois and Ohio who had provided their PII to Marriott.  Plaintiffs Fox, Martin, Ogawa, Hennrich, and Mangano are represented by Sulaiman Law Group, Ltd.

On November 30, 2018, Plaintiffs David Johnson and Chris Harris filed a complaint against Marriott in the Circuit Court for the State of Oregon for Multnomah County, Case No. 18-cv-54883.  The *Johnson* action alleges that Marriott exposed approximately 500 million guests' data to a data breach.  The complaint brings a claim under a violation of common law negligence.  Plaintiffs Johnson and Harris seek certification of a proposed multi-state class of people within the 500 million who made reservations at Marriott between 2014 to 2018.  Plaintiffs Johnson and Harris are represented by Michael Fuller from OlsenDaines, the law office of Kelly Jones, and Geragos & Geragos.  This action is likely be removed to federal court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, the Class Action Fairness Act of 2005, because minimal diversity exists between Marriott and at least one member of the proposed class, the number of members of the proposed class is greater than 100, and the matter in controversy exceeds $5,000,000 exclusive of interests and costs.

**LEGAL STANDARD**

Actions containing allegations with common questions of fact may be transferred and consolidated or coordinated pursuant to Section 1407 if transfer will facilitate the convenience of the parties and witnesses, and will promote the just and efficient conduct of the transferred cases. 28 U.S.C. § 1407. The Panel typically considers four factors in deciding whether to transfer a case under Section 1407:

    a.    the elimination of duplication in discovery;

    b.    the avoidance of conflicting rules and schedules;

    c.    the reduction of litigation cost; and

    d.    the conservation of the time and effort of the parties, attorneys, witnesses, and courts.

*See* Manual for Complex Litigation (Fourth) § 20.131 (2004) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (U.S. Jud. Pan. Mult. Lit. 1968)). Each of these factors favors transfer and consolidation of the cases filed against Marriott.

**ARGUMENT**

**I.    The Litigation Satisfies The Requirements For Consolidation And Transfer Under 28 U.S.C. § 1407.**

Pretrial transfer and consolidation under section 1407 is appropriate and necessary here. The Actions involve similar factual allegations and legal standards. Unless these cases are consolidated, the parties will incur excessive costs due to duplicative discovery, and will face the risk of inconsistent rulings on a variety of matters.

    **A.    The Litigation Involves Common Questions Of Fact.**

In assessing the appropriateness of consolidation under Section 1407, the Panel looks to the pleadings to determine the extent to which common questions of fact are present. The

Complaints in these cases clearly present common questions of fact. Each Complaint is based on allegations that Marriott exposed data for approximately 500 million guests. The *Perkins, Bell, Sprowl, Walker,* and *Fox* actions all allege that Marriott exposed purported class members' personal PII to a cyberattack. These Plaintiffs allege that they stayed at the Marriott properties either in the United States or abroad since 2014.

**B.   The Parties Face Duplicative Discovery Absent Transfer And Consolidation.**

Because the allegations of all the cases are substantially similar and derive from the same common data breach, and because they all turn on the same factual question, namely whether Marriott's policies allowed for the expose to their PII, the parties face duplicative discovery if the cases are not transferred and consolidated. This is an important consideration for the Panel in that transfer and consolidation "ensure[s] that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be in the best position to design a pretrial program that will prevent duplicative discovery . . . and substantially conserve the time and efforts of the parties, the witnesses and the federal judiciary." *Resource Exploration Inc. Sec. Litig.*, 483 F. Supp. 817, 821 (U.S. Jud. Pan. Mult. Lit. 1980).

The parties in these actions will necessarily engage in duplicative discovery. All Plaintiffs will be seeking the same documentation and data from Marriott and will likely request to depose the same witnesses. Marriott will raise the same class certification objections and discovery objections, seek the same protective orders, and assert the same privileges in each case. However, if the Panel transfers and consolidates the cases, the parties will coordinate their efforts and thus save all parties -- and the courts -- time and money.

**C.   Transfer And Consolidation Will Prevent Inconsistent Pretrial Rulings.**

The Panel considers the possibility of inconsistent rulings on pretrial issues because of the possible res judicata or collateral estoppel effects on other cases. *See In re Enron Securities*

*Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (U.S. Jud. Pan. Mult. Lit. 2002) (granting a transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification). Because of the similarity of the allegations in the Complaints, and the likelihood that future filed actions will contain the same, the possibility of inconsistent rulings on pretrial motions is substantially increased. Marriott is likely to present the same pretrial motions in each action and assert the same discovery objections and privileges. As an example, Plaintiffs anticipate that Marriott will file motions to dismiss and for summary judgment. Inconsistent rulings on those dispositive motions would pose a serious problem, in that the Actions seek to certify overlapping classes. In addition, because of the similarity in the allegations, Marriott will assert the same defenses in opposition to Plaintiffs' claims, most notably that it exposed guests' PII, creating a real risk of inconsistent pretrial rulings. In light of this risk, it would be in the best interests of all involved -- the parties, the witnesses and the Courts -- to transfer and centralize these actions.

**D.    There Is A Sufficient Number Of
        Actions To Support Transfer And Centralization.**

As stated above, there are currently nine cases pending in federal court and Plaintiffs believe that many more will follow. The alleged data breach of 500 million guests PII, and numerous tag-along actions will likely be filed against Marriott in federal courts around the country. The Panel has routinely ordered centralization of three or fewer cases. *See In re Wireless Telephone Replacement Protection Programs Litig.*, 180 F. Supp. 2d 1381, 1382 (U.S. Jud. Pan. Mult. Lit. 2002) (granting transfer and centralization of three consumer protection cases and determining that pending motions can be presented to and decided by the transferee judge); *In re Philadelphia Life Ins. Co. Sales Practices Litig.*, 149 F. Supp. 2d 937, 938 (U.S. Jud. Pan. Mult. Lit. 2001) (granting transfer of two deceptive insurance sales cases and finding

that such transfer would promote the just and efficient conduct of the litigation); *In re Amoxicillin Patent & Antitrust Litig.*, 449 F. Supp. 601, 603 (U.S. Jud. Pan. Mult. Lit. 1978) (granting transfer of three cases involving patent and antitrust issues); *In re Alodex Corp.*, 380 F. Supp. 790, 791 (U.S. Jud. Pan. Mult. Lit. 1974) (granting transfer of three securities actions). Given the number of current and likely tag-along actions related to Marriott's systematic, widespread activities, transfer and centralization is appropriate.

II. **The District Court of Maryland Is The Appropriate Transferee Forum, And The District Court Of Massachusetts Is An Appropriate Alternative.**

The United States District Court for the District of Maryland, Greenbelt Division, is the most appropriate venue for centralizing the Actions for numerous reasons. First, the *Bell* and *Walker* actions, filed on the first day of any Actions filed, are already venued in that district. Second, of the nine actions filed, most were filed in the District Court of Maryland, four in the Greenbelt District and three in the Southern District. Additionally, the headquarters of Marriott is located in Maryland and thus most relevant documents and witnesses are likely to be in this state.

The current caseload disposition in the United States District Court for the District of Maryland also counsels in favor of centralization there. Whereas the United States District Court for the Northern District of Illinois, where the *Fox* action was filed, currently has approximately 10 active MDL cases, the United States District Court for the District of Maryland only has approximately two. *See In re Alodex Corp.*, 380 F. Supp. at 791 (providing that "caseloads of available judges" is a factor for proper venue).

Moreover, the headquarters of both Marriott International Inc. and Starwood Hotels & Resorts Worldwide, LLC are in Bethesda, Maryland. The Baltimore/Washington International Thurgood Marshall Airport allows easy access to the city from across the country. *See id.*

{00297244 }                                     10

(providing that "where the cost and inconvenience will be minimized" is a factor for proper venue).

The United States District Court for the District of Massachusetts is also an appropriate venue, and should the Panel decline to transfer the Actions to the Maryland District Court for coordination or consolidation, Movant respectfully requests that they instead be transferred to the Massachusetts District Court. The *Perkins* action, filed on the first day of any of the Actions, was filed in this Court; the Massachusetts District Court only has approximately seven pending MDL cases, again fewer than the 10 in the Northern District of Illinois; and Logan International Airport, in Boston, Massachusetts, provides easy access to the Court from around the country and beyond. As with the Maryland District Court, all these factors thus counsel in favor of the United States District Court for the District of Massachusetts as an appropriate venue.

## CONCLUSION

Based on the forgoing, Movant's Motion for Transfer and Consolidation Under 28 U.S.C. § 1407 should be granted and the nine related actions listed in the Schedule of Actions filed concurrently herewith, as well as any subsequently filed actions containing similar allegations, should be transferred to the United States District Court for the District of Maryland Greenbelt Division.

Dated: December 3, 2018   Respectfully submitted,

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By:   */s/ D. Greg Blankinship*
D. Greg Blankinship
Jeremiah Frei-Pearson
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
gblankinship@fbfglaw.com
jfrei-pearson@fbfglaw.com

Daniel S. Robinson
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Drive
Newport Beach, California 92660
Telephone: (949) 720-1288
Fax: (949) 720-1292
drobinson@robinsonfirm.com

*Counsel for Plaintiff Dallas Perkins*